## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PAUL and ALLISON SVINDLAND,                :
                                           :
                     Plaintiffs,           :
                                           :
          v.                               :   **CIVIL ACTION NO. 05-0417**
                                           :
THE NEMOURS FOUNDATION and                 :
WILLIAM I. NORWOOD, M.D., PH.D.,           :
                                           :
                     Defendants.           :

## ORDER

AND NOW, this          day of          2009, after consideration of the Petition of Plaintiffs for an Award of Bill of Costs, docket number 237, and Defendants' Objections thereto, it is hereby ORDERED that Defendants shall pay $28,953.88 in costs to Plaintiffs. The itemization of the taxable costs that make up the total of $28,953.88 is as follows:

| | |
|---|---|
| Fees for transcripts | $ 19,958.40 |
| Fees for witnesses | $ 1,656.00 |
| Fees for exemplification and copies | $ 3,345.03 |
| Docket fees | $ 605.40 |
| Other costs | $ 3,389.05 |

BY THE CLERK:

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PAUL and ALLISON SVINDLAND,          :
                                     :
            Plaintiffs,              :
                                     :
      v.                             :     CIVIL ACTION NO. 05-0417
                                     :
THE NEMOURS FOUNDATION and           :
WILLIAM I. NORWOOD, M.D., PH.D.,      :
                                     :
            Defendants.              :

## DEFENDANTS' OBJECTIONS TO PLAINTIFFS' BILL OF COSTS

Defendants, through their undersigned counsel, file the following objections to

Plaintiffs' Petition for an Award of Bill of Costs, filed at docket number 237, totaling

$41,274.43. This amount should be reduced by $12,320.55 for a new total of $28,953.88.

Defendants make the following specific objections.

I.      Fees for transcripts (subtotal of $29,189.83) should be reduced by $9,231.43

1.      Invoice dated June 14, 2005 by DeCrescenzo for the videotaped
deposition of Mr. Kerins of $2,470.95 (set forth on pages 4 and 13 of Bill of Costs)
should be reduced by $1,976.76. The deposition of Mr. Kerins covered a total of five
cases. *See* title page to Kerins deposition, attached as Exhibit A. Therefore Plaintiffs
should be allowed to claim one-fifth of the total cost of the deposition, $494.19.

2.      Invoice dated July 21, 2005 by DeCrescenzo for the videotaped deposition
of Mr. Duncan of $3,772.75 (set forth on pages 4 and 14 of Bill of Costs) should be
reduced by $3,018.20. The deposition of Mr. Duncan covered a total of five cases. *See*
title page to Duncan deposition, attached as Exhibit B. Therefore Plaintiffs should be
allowed to claim one-fifth of the total cost of the deposition, $754.55.

3.      Invoice dated May 17, 2007 by Trial Technologies of $7,889.27 (set forth
on pages 4 and 26 of Bill of Costs) should be reduced by $4,179.27. Plaintiffs should be
allowed to claim only $3,710 (half of initial billed amount of $7,420.00 shown on page
26). Costs were split between the parties, and defendants timely paid $3,710 (marked as

Paid on page 26). The $3,710 that Defendants timely paid directly to Trial Technologies should not be taxed against Defendants. Additional finance charges of $469.27 were incurred by Plaintiffs due to their untimely payment. These charges should not be taxed to Defendants as they were incurred because of Plaintiffs' bad faith conduct.

4.     Invoice dated June 19, 2009 by Veritext for a trial transcript of $478.50 (set forth on pages 4 and 31 of Bill of Costs) should be reduced by $57.20. That amount, $57.20, covers the cost of the transcript for Plaintiffs' opening statement on June 9, 2009 which resulted in a mistrial. Plaintiffs should not be able to claim costs for obtaining a transcript of the mistrial they caused when their counsel flagrantly violated this Court's Order in their opening statement on June 9, 2009. Thus the $57.20 transcript charge for that date (*see* "06-09-09 Full Day" at page 31 of Bill of Costs) should not be taxed against Defendants.

II.     Fees for witnesses (subtotal of $1,863.00) should be reduced by $207

5.     Fees related to testimony of Dr. J. Gilbert Stone of $828 for 2007 and 2009 (set forth on pages 2-3 of Bill of Costs) should be reduced by $207.00. Plaintiffs claimed four days of witness and subsistence costs for Dr. Stone's trial testimony in 2007 and 2009. In 2009, Dr. Stone testified on two days only (June 10 and June 12, 2009). Plaintiffs chose not to call Dr. Stone on June 11, 2009, and thus there was not a "reasonable good faith expectation" that this witness may have to testify on that day. *See* trial transcript pages, attached as Exhibit C.

III.     Fees for exemplification and copies (subtotal of $5,690.66) should be reduced by $2,345.63

6.     Charges billed on August 29, 2006 by LRP Publications of $166.00 (set forth on page 5 of Bill of Costs) should be reduced by $166.00. Plaintiffs did not provide documentation for this expense, and the costs sought are thus not sufficiently explained. Costs must be sufficiently itemized to the extent that opposing counsel can make informed objections, and the Clerk or Court can make an informed determination of whether requested costs are allowable. *Morrissey v. County Tower Corp.* 568 F.Supp. 980 (E.D.Mo. 1983).

7.     Charges billed by McCann & Geschke on April 24, 2007 and on October 24, 2007 for $686.40 (set forth on pages 5, 44, and 57 of Bill of Costs) are duplicate bills. That is, when Plaintiffs failed to pay the April 24, 2007 invoice timely, a second invoice was generated. See October 24, 2007 letter at page 57 referring to the April 24, 2007 invoice that was unpaid, attached at page 44 of Bill of Costs. Plaintiffs eventually paid the invoice – but only once.  *See* check marked "paid 7-17-08 $686.40 check #3934" at page 44 of the Bill of Costs. Thus one charge of $686.40 should not be taxed.

8.     Charges billed on January 6, 2007 by Kline & Specter for copying in the amount of $295.55 (set forth on pages 5 and 42 of Bill of Costs) should be reduced by $264.30. Plaintiffs should not be allowed to claim $264.30 for copying records in an

unrelated case regarding another plaintiff and a witness, Dr. Jobes, who is neither a party nor an expert in this case (*see* "Alec Sears case pertaining to Dr. David Jobes" at page 42).

9.      Charges billed on March 2, 2007 by MedTrials for copies in the amount of $720.19 (set forth on 5 and 53 of Bill of Costs) should be not be taxed, reducing the copying subtotal by $720.19. Plaintiffs should not be allowed to claim charges for documents that they improperly obtained and were required to return by Judge Schiller. *See* Order requiring Plaintiffs to return documents, attached as Exhibit D.

10.      Charges billed on November 28, 2008 by Donna Bitner Conant Legal Copying of $338.10 (set forth on pages 5 and 58 of Bill of Costs) should not be taxed, reducing the copying subtotal by $338.10. Plaintiffs' invoice is insufficiently specific, and the costs sought are not sufficiently explained. Costs must be sufficiently itemized to the extent that opposing counsel can make informed objections and the Clerk or Court can make an informed determination of whether requested costs are allowable. *Morrissey v. County Tower Corp.* 568 F.Supp. 980 (E.D.Mo. 1983).

11.      Charges of May 29, 2009 for Brian Appel reimbursement for copying of $67.70 (set forth on pages 5 and 59 of Bill of Costs) should be not be taxed, reducing the copying subtotal by $67.70. Plaintiffs' invoice is insufficiently specific, and the costs sought are not sufficiently explained. Costs must be sufficiently itemized to the extent that opposing counsel can make informed objections and the Clerk or Court can make an informed determination of whether requested costs are allowable. *Morrissey v. County Tower Corp.* 568 F.Supp. 980 (E.D.Mo. 1983).

12.      Charges billed on September 16, 2005 by the Florida Dept. of Health of $112.30 (set forth on pages 5 and 60 of Bill of Costs) should be reduced by $102.94. The documents were obtained by a subpoena involving 12 cases. *See* September 8, 2005 subpoena with 12 captions, attached as Exhibit E. Therefore the Svindlands should be allowed to claim only $1/12^{th}$, that is $9.36, of the total amount of the invoice.

IV.   Docket fees (subtotal of $1,055.40) should be reduced by $450

13.      Charges billed on June 5, 2009 by the U.S. Court of Appeals – Filing fee for mandamus of $450 (as set forth on pages 7 and 67 of Bill of Costs) should be not be taxed against Defendants, reducing the docket fees subtotal by $450.00. Plaintiffs should not be allowed to claim the cost of this filing that was not in direct furtherance of obtaining a final judgment.

V.    Other costs (subtotal of $3,475.54) should be reduced by $86.49

14.      Plaintiffs claim fees for in-house costs of $3,475.54 (set forth on page 6 of Bill of Costs), includes costs for faxes and postage that are not taxable items. Plaintiffs claimed costs for faxes of $76.50 and postage of $9.99. Fax and postage costs are not

copies of documentary evidence recoverable under 28 U.S.C. §1920(4). Thus costs should be reduced by $86.49.

In conclusion, Plaintiffs' Petition for an Award of Bill of Costs totaling $41,274.43 should be reduced by $12,320.55. The new total should be $28,953.88.

Respectfully submitted,

McCANN & GESCHKE, P.C.

slp 3849

BY:  _____

SARA LYNN PETROSKY
Attorney I.D. No: 50316
1800 J.F.K. Blvd., Suite 801
Philadelphia, PA 19103
215-568-1133 (phone)
215-568-1392 (fax)
Attorneys for Defendants

```
00001
  1    IN RE:  CASES FILED AGAINST A.I.
       duPONT BY THE FOLLOWING PLAINTIFFS:
  2
  3    FARRELL
       SVINDLAND
  4    WATSON
       KERR
  5    DADDIO
  6
  7
  8
  9
 10
 11          Videotaped deposition of
 12    PAUL KERINS, taken at the A. I.
 13    duPONT HOSPITAL FOR CHILDREN, 1600
 14    Rockland Road, Wilmington, Delaware,
 15    on Wednesday, May 11, 2005,
 16    commencing at 10:27 a.m., before
 17    Rosemary Locklear, Registered
 18    Professional Reporter, Certified
 19    Shorthand Reporter (NJ), Certified
 20    Realtime Reporter and Notary Public,
 21    pursuant to notice.
 22
 23
 24
```

EXHIBIT

tabbies®

A

```
00001
  1     IN RE:   CASES FILED AGAINST A.I. duPONT BY THE
                    FOLLOWING PLAINTIFFS:
  2
  3                      SVINDLAND
                           KERR
  4                        REGER
                          MADDEN
  5                      MOUNTAIN
  6
  7
  8
  9
 10          Videotaped deposition of
 11     DANIEL R. DUNCAN, B.S., C.C.P., taken
 12     at the A. I. duPONT HOSPITAL FOR
 13     CHILDREN, 1600 Rockland Road,
 14     Wilmington, Delaware, on Thursday,
 15     June 9, 2005, at 9:48 a.m., before
 16     Rosemary Locklear, Registered
 17     Professional Reporter, Certified
 18     Shorthand Reporter (NJ), Certified
 19     Realtime Reporter and Notary Public,
 20     pursuant to notice.
 21
 22
 23
 24


00002
  1     APPEARANCES:
  2     EATON & McCLELLAN
             BY:   THERESA M. BLANCO, ESQUIRE
  3          230 South Broad Street, 3rd Floor
             Philadelphia, Pennsylvania 19102
  4          (215) 875-0600
             Appearing on behalf of the
  5          Plaintiffs
  6     McCANN & GESCHKE, P.C.
             BY:  SARA LYNN PETROSKY, ESQUIRE
  7          petrosky@doclawyers.com
             The Sterling Commerce Center,
  8          Suite 330
             1819 John F. Kennedy Boulevard
  9          Philadelphia, Pennsylvania 19103
             (215) 568-1133
 10          Appearing on behalf of the
             Defendants William I. Norwood,
 11          M.D., Ph.D.; Christian Pizarro,
             M.D.; Russell Raphaely, M.D.; Paul
 12          Kerins; and D. Duncan
 13
 14     ALSO PRESENT:  MAUREEN WITKOWSKI,
             Video Specialist
 15
             TRACEY E. COLEMAN, ESQUIRE
```

EXHIBIT

tabbies®

B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

PAUL AND ALLISON SVINDLAND,                )
                                           )
                        Plaintiffs,        )   2:05-CV-00417-MAM
                                           )
                           vs.             )   Philadelphia, PA
                                           )   June 10, 2009
THE NEMOURS FOUNDATION AND                 )
WILLIAM I. NORWOOD, M.D., PH.D.,           )   TESTIMONY OF
                                           )   DR. STONE
                        Defendants.        )

TRANSCRIPT OF CIVIL JURY TRIAL
BEFORE THE HONORABLE MARY A. MCLAUGHLIN
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiffs:        FRANK M. MCCLELLAN, ESQ.
                           OF COUNSEL:  ILANA LAM, ESQ.
                           EATON & MCCLELLAN
                           230 South Broad Street
                           3rd Floor
                           Philadelphia, PA 19102


For the Defendants:        JOHN M. HUDGINS IV, ESQ.
                           WEINBERG WHEELER HUDGINS GUNN &
                           DIAL, LLC
                           950 East Paces Ferry Road, N.E.
                           Suite 3000
                           Atlanta, GA 30326


                           SARA LYNN PETROSKY, ESQ.
                           MCCANN AND GESCHKE, P.C.
                           1800 John F. Kennedy Boulevard
                           Suite 801
                           Philadelphia, PA 19103


ESR:                       Milahn Hull


EXHIBIT
C

1                          I N D E X

2    WITNESS              DIRECT    CROSS  REDIRECT    RECROSS

3    FOR THE PLAINTIFFS:

4    Dr. Gilbert Stone       61

5

     OPENING STATEMENTS:                                PAGE
6
     Plaintiffs                                         4
7
     Defendants                                         27
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   Proceedings recorded by electronic sound recording.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

PAUL AND ALLISON SVINDLAND,              )
                                         )
                        Plaintiffs,      )   2:05-CV-00417-MAM
                                         )
                             vs.         )   Philadelphia, PA
                                         )   June 12, 2009
THE NEMOURS FOUNDATION AND               )
WILLIAM I. NORWOOD, M.D., PH.D.,         )   TESTIMONY OF
                                         )   DR. STONE
                        Defendants.      )


TRANSCRIPT OF CIVIL JURY TRIAL
BEFORE THE HONORABLE MARY A. MCLAUGHLIN
UNITED STATES DISTRICT JUDGE


APPEARANCES:

For the Plaintiffs:      FRANK M. MCCLELLAN, ESQ.
                         OF COUNSEL:  ILANA LAM, ESQ.
                         EATON & MCCLELLAN
                         230 South Broad Street
                         3rd Floor
                         Philadelphia, PA 19102


For the Defendants:      JOHN M. HUDGINS IV, ESQ.
                         WEINBERG WHEELER HUDGINS GUNN &
                         DIAL, LLC
                         950 East Paces Ferry Road, N.E.
                         Suite 3000
                         Atlanta, GA 30326


                         SARA LYNN PETROSKY, ESQ.
                         MCCANN AND GESCHKE, P.C.
                         1800 John F. Kennedy Boulevard
                         Suite 801
                         Philadelphia, PA 19103


ESR:                     Milahn Hull

124e3527-31d8-4231-aa57-38645258c64b

1                          I N D E X

2    WITNESS               DIRECT    CROSS   REDIRECT    RECROSS

3    FOR THE PLAINTIFF:
     Dr. Gilbert Stone        3        11     32/44       38
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   Proceedings recorded by electronic sound recording.

124e3527-31d8-4231-aa57-38645258c64b

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT DADDIO, et al.          :     CIVIL ACTION
                               :
        v.                     :
                               :
THE A.I. DUPONT HOSPITAL FOR   :
CHILDREN OF THE NEMOURS        :
FOUNDATION, et al.             :     NO. 05-441

FILED

JUL 02 2009

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

ORDER

AND NOW, this 2nd day of July, 2009, upon further
consideration of the defendants' Motion in Limine to Preclude
Reference to and Publication of Any and All MedTrials Documents
and Require Plaintiffs to Return Documents Obtained as a Result
of Subpoena Propounded on MedTrials, Inc. (Docket No. 149), the
plaintiffs' letter of June 30, 2009, and the defendants'
Supplemental Brief in Support of Motion to Require Plaintiffs to
Return Documents (Docket No. 185), IT IS HEREBY ORDERED that the
defendants' motion is GRANTED in its entirety.  IT IS FURTHER
ORDERED that the plaintiffs are precluded from referring to or
publishing to the jury any and all documents obtained by
MedTrials, Inc.  The plaintiffs and their counsel must also
return any and all MedTrials documents in their possession,
including the MedTrials report, with the exception of the two
pages used in the employment litigation between Dr. William I.
Norwood and the Nemours Foundation.

        The Court granted the defendants' motion in part on May
27, 2009, on the basis that this material is not relevant to any

EXHIBIT

D

of the issues at trial and would confuse the jury. <u>See</u> Docket No. 155. The Court will not revisit that ruling, or Judge Schiller's earlier ruling that the documents should not be introduced as evidence in this case and should be returned.

The plaintiffs may not refer to or publish any of these documents during trial. The plaintiffs also have not persuaded the Court that they should be allowed to keep these documents, including the MedTrials report. They must therefore return any and all MedTrials documents that remain in their possession, with the exception of the two aforementioned pages

BY THE COURT:

MARY A. McLAUGHLIN, J

AO88  (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

| NORTHERN | DISTRICT OF | FLORIDA |

Various Plaitniffs (see attached caption)

V.

A.I. DuPont Hospital for Children, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  Various (See attached caption)

TO:  Dept. of Health, Div. of Medical Quality Assurance, Florida
Board of Medicine, 4052 Bald Cypress Way, Tallahassee,
FL 32399-3251

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

See attached descriptions.

| PLACE        EATON & McCLELLAN, 230 S. Broad St., 3rd Fl., Philadelphia PA  19102 | DATE AND TIME 9/30/2005 5:00 pm |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Theresa M. Blanco* | 9/8/2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Theresa M. Blanco, Esquire, EATON & McCLELLAN, 230 S. Broad Street, 3rd Fl., Philadelphia PA  19102
(215) 875-0600

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.



**EXHIBIT**

E

Subpoena Attachment #1 – List of Captions

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Holly Farrell, as Parent and Natural Guardian and Administrator of the Estate of Ashley McArdle, a minor, Deceased, and Holly Farrell, Individually in Her Own Right : : : : : | Civil Action No. 04-CV-3877 |
| Plaintiffs : | |
| v. : | |
| The, A.I. duPont Hospital for Children; The Nemours Foundation; William I. Norwood, M.D., Ph.D.; Deborah A Davis, M.D.; Russell Raphaely, M.D. And P. Kerins, : : : : | |
| Defendants : | |

| | |
|---|---|
| ROBERT DADDIO, as parent and natural Guardian and Administrator of the Estate of MICHAEL DADDIO, a Minor, Deceased, and ROBERT DADDIO and TRACIE DADDIO, Individually and in Their Own Right v. | No. 05-CV-0441 |
| Plaintiffs : | |
| v. : | |
| The, A.I. duPont Hospital for Children; The Nemours Foundation; William I. Norwood, M.D., Ph.D.; Christian Pizarro, M.D. John Murphy, M.D., Deborah A. Davis, M.D.; A. Majeed Bhat, M.D.; Ellen Spurrier, M.D.; P. Kerins; and R. Rios : : : : | |
| Defendants : | |

JULIANNE KERR, as Parent and Natural
Guardian and Administrator of the Estate
Of MARYBETH GRACE KOHLER-
KERR, a Minor, Deceased, and
JULIANNE KERR and ADAM KERR,          No.  05-CV-0662
Individually and in Their Own Right

              Plaintiffs          :

          v.          :

The, A.I. duPont Hospital for Children;    :
The Nemours Foundation; William I.        :
Norwood, M.D., Ph.D.; Christian Pizarro, M.D.
John Murphy, M.D., Deborah A. Davis, M.D.;
Russell Raphaely, M.D.;P. Kerins; and
D. Duncan                                 :

             Defendants          :

---

MICHELLE MADDEN,  as Parent and Natural
Guardian and Administrator of the
Estate of MYKENZIE MADDEN, a minor,
Deceased, and MICHELLE MADDEN,
Individually and in Her Own Right

             Plaintiffs          No: 05-cv-0787

          v.

A.I. DuPont Hospital for Children, et al.,

             Defendants

JENNIE D. NEWKIRK, Administrator
Pendente Lite of the Estate of CHASE
MOUNTAIN, a minor, Deceased, and
MICHELE MOUNTAIN,
Parent and Natural Guardian,
Individually and in Her Own Right

                Plaintiffs                No: 05-cv-00719

      v.

A.I. DuPont Hospital for Children, et al.,

               Defendants

---

PATRICIA WATSON and JOHN WATSON
As Parents and Natural Guardians of EMMA
WATSON, a minor, and PATRICIA
WATSON and JOHN WATSON, individually
and in their own right.                 No.: 05-CV- 00674

           Plaintiffs        :

      v.                  :

The, A.I. duPont Hospital for Children;  :
The Nemours Foundation; William I.    :
Norwood, M.D., Ph.D.; Christian Pizarro, M.D.
John Murphy, M.D., Deborah A. Davis, M.D.;
Russell Raphaely, M.D.; Ellen Spurrier, M.D.;
And P. Kerins,                 :

           Defendants      :

ALEJO FAUSTINO, as parent and natural
Guardian and Administrator of the Estate of
IRA FAUSTINO, a Minor, Deceased, and
ALEJO FAUSTINO and ERNESTINA
FAUSTINO, Individually and in
Their Own Right
              v.                          No. 05-CV-3002

The A.I. DuPont Hospital for Children
The Nemours Foundation
William I. Norwood, M.D., Ph.D.
Christian Pizarro, M.D.
John Murphy, M.D.
Ellen Spurrier, M.D.
Deborah Davis, M.D.
Paul Kerins, Perfusionist

---

EDWARD PAPACODA and SARAH
PAPACODA, as Administrators of the Estate
of KAITLYN PAPACODA, a minor, deceased,
And EDWARD PAPACODA and SARAH
PAPACODA, individually and in their
Own Right                           No.  05-CV-3003

              v.

The A.I. DuPont Hospital for Children
The Nemours Foundation
William I. Norwood, M.D., Ph.D.
Christian Pizarro, M.D.
John Murphy, M.D.
Russell Raphaely, M.D.
Ellen Spurrier, M.D.
Deborah Davis, M.D.
Paul Kerins, Perfusionist
D. Duncan, Perfusionist

REGER, et al

               Plaintiffs              No:  05-cv-0661

     v.

A.I. DuPont Hospital for Children, et al.,

               Defendants

---

PAUL SVINDLAND and ALLISON
SVINDLAND, as Parents and Natural
Guardians and Administrators of the
Estate of IAN SVINDLAND, a Minor      No. 05-cv-0417
Deceased, and PAUL SVINDLAND
And ALLISON SVINDLAND,
Individually and in Their Own Right

               Plaintiffs

     v.

A.I. DuPont Hospital for Children, et al.,

               Defendants

---

MICHELLE EVERWINE and CHRISTOPHER
EVERWINE As Parents and Natural Guardians
of JOSHUA EVERWINE, a Minor, and
MICHELLE EVERWINE and CHRISTOPHER
EVERWINE, individually and in their own right.

     v.               No.  05-CV-3004

The A.I. DuPont Hospital for Children;
The Nemours Foundation;
William I. Norwood, M.D., Ph.D.;
John Murphy, M.D.;
Kenneth Murdison, M.D.;
Ellen Spurrier, M.D.;
Deborah Davis, M.D.;
Priscilla Hillyer, Perfusionist

JETTIE D. NEWKIRK, Administrator
Pendente Lite of the Estate of NORRIS
S. PEDULLA, JR., a minor, deceased, and
NORRIS S. PEDULLA, SR. and
PATRICIA PEDULLA, Natural Parents,
Individually and In Their Own Right

       v.                                 No.  05-CV-3812

The A.I. DuPont Hospital for Children
The Nemours Foundation
William I. Norwood, M.D., Ph.D.
Christian Pizarro, M.D.
Russell Raphaely, M.D.
Ellen Spurrier, M.D.
Paul Kerins, Perfusionist

<u>CERTIFICATE OF SERVICE</u>

I, Sara Lynn Petrosky, attorney for Defendants certify that the original of the attached Defendants' Objections to Plaintiffs' Bill of Costs was filed electronically with the Court and is available for viewing and downloading from the ECF system on August 20, 2009.

McCann & Geschke, P.C.

SLP3849

By: _____

Sara Lynn Petrosky